FILED
2006 Mar-07  AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| HASMUKHLAL BHAGATAND; BALVANTRAI PATEL,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOSPITALITY ENTERPRISES, INC.; K. RAO YEDLA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CV 05-B-1413-NE<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motion to Dismiss, (doc. 7). Plaintiffs have sued defendants alleging breach of contract and promissory fraud, arising from defendants' alleged refusal to sell plaintiffs two motels. Plaintiffs seek specific performance of the sales and money damages. Defendants have asked the court to dismiss plaintiffs' claims because the alleged contracts for the sale of the two motels was not in writing as required by Alabama's Statute of Frauds. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 7), is due to be denied.

### I. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969);

*International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).  When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994).  The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint.  *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on **any** possible theory."  *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II. **STATEMENT OF FACTS**

Plaintiffs entered into negotiations to purchase two motels owned by Hospitality Enterprises – the Country Inn & Suites in Decatur, Alabama, and the Country Inn & Suites in Huntsville, Alabama. Plaintiffs allege that the parties agreed to the sale of these properties on or about April 7, 2005. (Doc. 1 ¶¶ 12, 16.) On April 12, 2005, plaintiffs tendered earnest money of $35,000. (Doc. 4 ¶¶ 3-4.) On or about April 25, 2005, defendants informed plaintiffs "that they were not willing to sell [the two motels] to Plaintiffs as previously agreed." (Doc. 4 ¶ 6.)

Plaintiffs claim the parties' agreements are memorialized in two documents, each entitled "Intent to Purchase Real Estate." (Doc. 1, Exs. A and B.) These documents are reproduced below:

# INTENT TO PURCHASE
# REAL ESTATE _____HOTEL_____

TO THE SELLER    "REVISED"

1. _HOSPITALITY ENTERPRISE INC, ALA-CORP_
   _DR. K. RAO YEDLA – PARTNER_

Prospective Buyer Interested to purchase your Real Estate   Hotel.

Located at _____

_COUNTRY INN & SUITES DECATUR Ala - 110 Rms._

PRICE: $ ~~60,000.00~~ ABOVE BANK COMMIT.

MORTGAGE Balance of APPROX: ~~$625,000.00~~
                                              $1.9 mil    B.P. (C)

Subject to due Diligence, Reviewing Finanical Documents, Franchise Transfers, & Subject to Financing Amount Approval ETC.

1st NON RECOURE MORT. AMOUNT ASSUMPTION:  $1.9 mil  ~~$1,675,000.00~~
2nd MORT. & CASH INJECTED BY NEW. BUYER: _As needed for_
from the Lending Institution.
_Closing costs, W.C. Capital improvements etc._

Thank you in Advance.

WE have visited your property.with B.J. Patel on  2/19/05 &
                                                                                    3/8/05

Sincerely,    BUYERS AGREE AND ACCEPT REVISED PURCHASE PRICE

X ___[signature]___  ___[signature]___ Date: 3/14/05
                                    BUYER              4/7/05

X ___[signature]___  ___[signature]___ Date: 3/14/05
                                    BUYER              4/7/05

X ___[signature]___                            Date: 3/14/05
Bipin J. (B.J.) Patel    DULUTH G.A.

                                                                        BJP4

_Let me know please_

_Thanks._   [signature]        Exhibit "A"

# INTENT TO PURCHASE & SELL
# REAL ESTATE    HOTEL

TO THE SELLER

HOSPITALITY ENTERPRISE INC. ALA CORP.
DR. K RAO YEDLA — PARTNER,

Prospective Buyer interested to purchase your Real Estate    Hotel.

Located at 4880 UNIVERSITY DR. HUNTSVILLE ALA. 35816
COUNTRY INN & SUITES HUNTSVILLE — 170 Rms.
PRICE: $ 6,200,000.00  6,500,000.00 B
Six million TWO (Five) HUNDRED THOUSAND & 00/100

Subject to due Diligence, Reviewing Finanical Documents, Franchise Transfers,
& Subject to Financing Amount Approval ETC.
                                        APPROXIMATE
1st NON RECOURE MORT. AMOUNT ASSUMPTION # - 3,500,000.00
2nd MORT. & CASH INJECTED BY NEW. BUYER : 2,700,000.00
from the Lending Institution.
Two million Seven hundred thousand & 00/100
Thank you in Advance.
WE have visited your property with B.J. Patel on FEB-19th 05 &
                                                MARCH 08th 05

Sincerely,  PLEASE LET ME KNOW, THANK YOU.
            BUYERS AGREE AND ACCEPT REVISED PURCHASE PRICE

X _____ Date: 3/14/05
HASMUKH H BHAGAT  BUYER      4/7/05

X _____ Date: 3/14/05
BALVANT R. PATEL  BUYER       4/7/05

X _____ Date: 3/14/05
Bipin J. (B.J.) Patel, DULUTH G.A.

BJP4

X _____
RECEIVED & ACCEPTED BY DR. K. RAO YEDLA   Exhibit "B"
DATE: 3/30/05

WILL MEET & CONFIRM

5

### III. DISCUSSION

Defendants contend that plaintiffs' claims are due to be dismissed because the Intent-to-Purchase documents do not satisfy Alabama's Statute of Frauds. Plaintiffs contend that the documents are sufficient to evidence the parties' agreements for the sale of the two motels.

Alabama Statute of Frauds, as it relates to real property transactions, states:

> In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
>
> . . .
>
> (5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller . . . .

Ala. Code § 8-9-2(5). Clearly, the contract for the sale of the two motels must be writing to be valid pursuant to Ala. Code § 8-9-2(5). Therefore, the question before the court is whether the Intent-to-Purchase documents are sufficient to satisfy the Alabama Statute of Frauds.

"The Statute of Frauds does not require a formal or complete contract; rather a note or memorandum containing the essential elements of the agreement, signed by the party to be charged, is sufficient." *Wilma Corp. v. Fleming Foods of Alabama, Inc.*, 613 So.2d 359, 362 (Ala. 1993)(citing *Bunch v. Garner*, 94 So. 114, 115 (Ala. 1922)), *overruled on other*

6

grounds *Bruce v. Cole*, 854 So. 2d 47 (Ala. 2003).  The "essential elements" of an agreement to sale real property are: "an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement."  *Davis v. Barnfield*, 833 So. 2d 58, 62 (Ala. Civ. App. 2002)(citing *Wilma Corp.*, 613 So. 2d 359 (Ala.1993))

The Decatur Intent-to-Purchase document, as amended by Yedla, is the offer, which, according to the document, plaintiffs accepted.  The recital of a purchase price of $1.9 million is an adequate statement of the consideration.  Plaintiffs' apparent acceptance of defendants' counter-offer is sufficient to show the parties mutually agreed to the sale of the Decatur property for purposes of satisfying the Statute of Frauds.  *See Parker v. Glazner*, 604 So.2d 374, 376 (Ala. 1992).

Similarly, the Huntsville Intent-to-Purchase document contains an offer and acceptance, and a recital of the purchase price, $6.5 million.  On this document, both plaintiffs and Yedla indicated that they "accepted" the terms of deal.  (*See* Doc. 1, Ex. B.)  This is sufficient to show the parties mutually agreed to the sale of the Huntsville property for purposes of satisfying the Statute of Frauds.

Because the court finds that the Intent-to-Purchase documents are sufficient to satisfy Alabama's Statute of Frauds, defendants' Motion to Dismiss is due to be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendants' Motion to Dismiss, (doc. 7), is due to be denied. An Order denying defendants' Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 6th day of March, 2006.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE