FILED

2008 Mar-28  PM 01:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | |
|---|---|
| **HASMUKHLAL   BHAGATAND;** ) | |
| **BALVANTRAI PATEL,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **BIPIN J. PATEL,** ) | |
| ) | |
| **Plaintiff/Intervenor,** ) | |
| ) | **CV 05-B-1413-NE** |
| **vs.** ) | |
| ) | |
| **HOSPITALITY ENTERPRISES, INC.;** ) | |
| **K. RAO YEDLA,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM OPINION**</u>

This case is presently pending before the court on defendants' Motion for Summary Judgment.  (Doc. 42.)  The plaintiffs sued defendants, Hospitality Enterprises and K. Rao Yedla, alleging breach of contract and promissory fraud, arising from defendants' alleged refusal to sell plaintiffs two motels.  The court allowed Bipin J. Patel to intervene; he alleges defendants breached a contract for the payment of fees to plaintiff/intervenor.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motion for Summary Judgment, (doc. 42), is due to be granted.

## I. <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

2

## II. <u>STATEMENT OF FACTS</u>[1]

On or about March 30, 2005, defendants and plaintiff/intervenor entered into a "Fee's Agreement," in which defendants agreed to pay plaintiff/intervenor a "3% finders-consultation fee . . . for helping & finding buyers for 2 Real estate hotel[s]." (Doc. 26 at 12.) Plaintiff/intervenor is not a licensed real estate broker.  (*Id*.; doc. 43-5 at 20.)

Although plaintiff/intervenor allegedly found buyers for the two properties, the sale was not accomplished. (Doc. 4 ¶ 6.)  Plaintiffs, the prospective purchasers, filed this action seeking damages under various theories, including breach of the agreement and fraud.  The case between plaintiffs and defendant has been resolved and the claims against defendant were dismissed.  The claim of the plaintiff/intervenor remained pending.  Plaintiff/intervenor filed a Complaint in intervention seeking to enforce the Fee's Agreement.  In his Complaint in Intervention, plaintiff/intervenor alleges:

7.

On or about March 30, 2005, Intervenor Bipin J. Patel, Defendant [Hospitality] Enterprise and Defendant Yedla [Rao], as "Partner/Authorized Person" entered into a "Revised Fee's Agreement" (the Fee's Agreement) wherein Intervenor Bipin J. Patel agreed to assist Defendants in locating a purchaser for two hotel properties, to-wit: a Country Inn & Suites located in Decatur Alabama ("the Decatur Property") and a Country Inn & Suites located in Huntsville, Alabama ("the Huntsville Property") a copy of the Fee's Agreement being attached hereto . . . and incorporated herein by reference.

---

[1]The Statement of Facts is drawn from the evidence viewed in the light most favorable to intervenor, the non-moving party, and all justifiable inferences have been drawn in his favor.

8.

Pursuant to the terms of the "Fee's Agreement", Intervenor Bipin J. Patel was to receive the sum of $260,000.00 if Intervenor Bipin J. Patel was successful in securing a purchaser for said properties.

9.

Pursuant to the terms of the "Fee's Agreement", with the assistance of Intervenor Bipin J. Patel, on or about April 7, 2005, Plaintiff Hasmukhlal Bhagatand, Plaintiff Balvantrai Patel and Defendant [Hospitality] Enterprise entered into an "Intent to Purchase and Sell Real Estate" wherein Plaintiff Hasmukhlal Bhagatand and Plaintiff Balvantrai Patel agreed to purchase and Defendant [Hospitality] Enterprise agreed to sell the Decatur Property . . . .

. . .

11.

Pursuant to the terms of the "Fee's Agreement", with the assistance of Intervenor Bipin J. Patel, on or about April 7, 2005, Plaintiff Hasmukhlal Bhagatand and Plaintiff Balvantrai Patel and Defendant [Hospitality] Enterprise entered into a "Intent to Purchase and Sell Real Estate" wherein Plaintiff Hasmukhlal Bhagatand and Plaintiff Balvantrai Patel agreed to purchase and Defendant Enterprise agreed to sell the Huntsville Property . . . .

. . .

13.

Intervenor Bipin J. Patel has complied with all of his obligations under the terms of the "Fee's Agreement" and has made demand upon Defendants for payment under the terms of the "Fee's Agreement".

14.

Defendants have breached the agreement between the parties in that Defendants have without legal justification refused to pay amounts due to Intervenor Bipin J. Patel pursuant to the terms agreed upon by the parties despite repeated demand for payment of same.

(Doc. 26 ¶¶ 7-9, 11, 13-14.)

During his deposition, plaintiff/intervenor was asked what he had done to earn the payment allegedly due under the Fee's Agreement; he responded, "The agreement speak[s] [for] itself." (Doc. 43-6 at 20.) He also testified that the Fee's Agreement was the parties' entire agreement. (*Id*. at 17.)

Intervenor/plaintiff testified that his Complaint in Intervention accurately stated his claims against defendants, although he believed that it should have included a fraud claim.[2] (*Id*. at 49-51.)

## III. <u>DISCUSSION</u>

Defendants contend their Motion for Summary Judgment is due to be granted based on section 34-27-30 of the Alabama Code, which provides:

> It shall be unlawful for any person . . . for a fee, commission, or other valuable consideration . . . to do any of the following unless he or she is licensed under Articles 1 and 2 of this chapter:
>
> (1)  Sell, exchange, purchase, rent, or lease real estate situated within the State of Alabama.
>
> (2)  Offer to sell, exchange, purchase, rent, or lease real estate situated within the State of Alabama.
>
> (3)  Negotiate or attempt to negotiate the listing, sale, exchange, purchase, rental, or leasing of real estate situated within the State of Alabama.

---

[2]Plaintiff/intervenor testified: "I feel as a businessman that [Rao] may have comitted a fraud against me by entering into an agreement and not fulfilling mutually signed agreement." (Doc. 43-6 at 50.)

(4)  List or offer or attempt or agree to list real estate for sale, rental, lease, exchange, or trade situated within the State of Alabama.

(5)  Auction, offer, or attempt or agree to auction, real estate situated within the State of Alabama.

(6)  Buy or sell or offer to buy or sell, or otherwise deal in options on real estate situated within the State of Alabama.

(7)  Aid, attempt, or offer to aid in locating or obtaining for purchase, rent, or lease any real estate situated within the State of Alabama.

(8)  Procure or assist in procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate situated within the State of Alabama.

(9)  Procure or assist in the procuring of properties for the purpose of effecting the sale, exchange, lease, or rental of real estate situated within the State of Alabama.

(10)  Present himself or herself or be presented as being able to perform an act for which a license is required.

Ala.Code 1975 § 34-27-30.  "If a person acts in violation of this statute, then any agreement to compensate that person for services mentioned in the statute is void and unenforceable." *Ex parte Ledford*, 761 So. 2d 990, 994-95 (Ala. 2000)(citing *Liles v. Flatley*, 643 So. 2d 947, 948 (Ala. 1994); *Culverhouse v. Culverhouse*, 420 So. 2d 33, 37 (Ala. 1982); *Dillard v. Pan-American Invs., Inc.*, 347 So. 2d 990, 991 (Ala. 1977)).

The agreement at issue in this case states that defendants will pay plaintiff/intervenor "3% finder's-consultation fee . . . for helping & finding buyers for 2 real estate hotel[s]." (Doc. 26 a 12.)  Without question, this agreement is void pursuant to Ala. Code § 34-27-

30(8), which prohibits unlicensed persons from "[p]rocur[ing] or assist[ing] in procuring of prospects for the purpose of effecting the sale . . . of real estate situated within the State of Alabama."

However, plaintiff/intervenor argues that "he is entitled to payment under the terms of the Fee's Agreement because his services were retained to find buyers for the two hotel **businesses**.  In other words, Patel claims that he is entitled to payment because he was selling businesses and not simply real estate."  (Doc. 46 at 2 [emphasis added].)  In support of his argument plaintiff/intervenor cites *Ex parte Ledford*, for the proposition that he "is entitled to recover for those services outside of § Ala. Code 34-27-30."  (*Id*. at 6-8 [citing *Ex parte Ledford*, 761 So. 2d at 992-93, 995 (Ala. 2000)].)

The court finds that *Ledford* is factually distinguishable from this case based on the agreement at issue.  The agreement in *Ledford* provided that the unlicensed agent would be compensated for services provided other than those specifically set forth in § 34-27-30, including "advances, . . . surveys, title policy, [and] appraisal."  *Ledford*, 761 So. 2d at 995. The contract in this case provided that plaintiff/intervenor would be compensated "for helping and finding buyers" and refers to the amount of compensation as a "Finder's Fee." (Doc. 26 at 12.)  Nothing in the agreement refers to other services to be performed by plaintiff/intervenor or to compensation for services other than for finding a buyer.

Based on the foregoing, the court finds that the agreement plaintiff/intervenor seeks to enforce, the so-called Fee's Agreement, is void and unenforceable pursuant to Ala. Code

§ 34-27-30(8), because, pursuant to the plain language of the agreement, the agreement requires defendants to pay plaintiff/intervenor, who is not licensed as a real estate broker in Alabama, a fee for procuring or assisting in procuring a purchaser for defendants' two real estate properties.  Therefore, defendants' Motion for Summary Judgment, (doc. 42), will be granted.

<u>**CONCLUSION**</u>

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendants are entitled to judgment as a matter of law.  An Order granting defendants' Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 28th day of March, 2008.

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE